UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                                    Case No.: 8-22-70984-las

Anatoli Kharlanov                                                            Chapter 7
dba A. Kharlanov Construction Co.,

                              Debtor.
-----------------------------------------------------------X

## MEMORANDUM ORDER DENYING MOTION
## TO VACATE ORDER OF DISCHARGE

Before the Court is the motion dated August 25, 2022 ("Motion") [Dkt. No. 20] of Lada Colman Trust, Sharon Colman and Wenceslao Lada (collectively "Creditors") for an order (i) vacating the Order of Discharge entered in the chapter 7 case of Anatoli Kharlanov ("Debtor") dated August 19, 2022 ("Discharge Order") pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), made applicable to this contested matter by Bankruptcy Rule 9024, and (ii) extending the time to file a complaint objecting to the Debtor's discharge pursuant to Bankruptcy Rule 9006(b) and 11 U.S.C. § 727[1]. The Debtor filed opposition to the Motion on September 8, 2022. [Dkt. No. 22]. The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012.

The Court held a hearing on the Motion on September 15, 2022, at which Damon A. Hagan, Esq. appeared on behalf of the Creditors and Andrew M. Thaler, Esq. appeared on behalf of the Debtor. The Court has carefully considered the arguments and submissions of

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)."

1

the parties and for the following reasons, the Motion is denied.[2]

## BACKGROUND

The Debtor filed for chapter 7 relief on May 5, 2022. The initial meeting of creditors under § 341(a) was noticed for June 15, 2022, and August 15, 2022 was set as the deadline to object to discharge under § 727 or to object to dischargeability of debt pursuant to § 523(a)(2), (4) or (6). [Dkt. No. 8]. The Debtor did not appear at the initial meeting of creditors.[3] The Debtor's counsel appeared at the initial meeting, as did Mr. Hagan and Allan B. Mendelsohn, the chapter 7 Trustee ("Trustee"). Mr. Hagan asserts that at the initial meeting of creditors the Trustee and Debtor's counsel discussed and verbally agreed to extend the time to object to the Debtor's discharge for a period of sixty days beginning from when the Debtor first appears at the adjourned meeting of creditors. The Debtor appeared at the adjourned meeting of creditors held on July 6, 2022 and again on August 3, 2022. No stipulation or motion was filed with the Court seeking an extension of the Trustee's or any creditor's time to object to discharge or dischargeability beyond the August 15, 2022 deadline. Accordingly, the Court entered the Discharge Order granting the Debtor a discharge. [Dkt. No. 18].

On August 26, 2022, Creditors filed the Motion seeking to (i) vacate the Discharge Order and (ii) extend their time to file a complaint objecting to the Debtor's discharge and determining the dischargeability of the debt owed to them.[4] The Creditors principally argue that the Debtor's counsel and the Trustee verbally agreed at the June 15, 2022 initial meeting of creditors that the time to object to discharge would begin to run from when the Debtor

---

[2] At the conclusion of the hearing, for the reasons set forth on the record, the Court denied the Motion. This Memorandum Order is consistent with and explains further the bases of the Court's ruling.

[3] Debtor's counsel represented in his opposition papers that the Debtor tested positive for COVID-19 and was physically ill, which caused the Debtor to oversleep and miss the initial meeting of creditors.

[4] On August 28, 2022, the Creditors filed a complaint objecting to the dischargeability of the debt owed to Creditors pursuant to § 523(a)(2), (a)(4) and (a)(6), and to the Debtor's discharge under § 727(a)(5), (a)(8) and (a)(9).

2

actually appears for his first meeting of creditors, which was July 6, 2022. As such, the Creditors contend that the Discharge Order must be vacated under Fed. R. Civ. P. 60(b)(1) due to (i) a mistake in that prior to entry of the Discharge Order the Court may not have been aware of the verbal agreement reached by Debtor's counsel and the Trustee to extend the time to file a complaint objecting to the Debtor's discharge and to determine dischargeability of debt, and (ii) excusable neglect as the Creditors relied upon the representations of Debtor's counsel at the June 15, 2022 initial meeting of creditors and expected that the time to file a complaint would run until September 5, 2022, 60 days after the Debtor appeared at the adjourned meeting of creditors on July 6, 2022. Thus, the Creditors argue that they met the deadline by filing their complaint on August 28, 2022.

The Debtor, however, takes a different view of the applicable deadline and argues that the complaint is untimely for the following reasons. First, the Debtor contends that no verbal agreement was made, nor written stipulation executed between the Debtor's counsel and the Trustee to extend the time by which the Trustee may file a complaint objecting to the Debtor's discharge under § 727(a). Second, although the Debtor's counsel and Trustee discussed on June 15th the possibility of an extension in the future should the Trustee determine that an extension was needed, the Trustee neither asked for nor sought additional time to object to discharge as the Debtor fully cooperated with the Trustee's investigation. Third, even if the Debtor's counsel and Trustee did reach an agreement to extend the applicable deadline, the agreement would not extend the deadline as between the Debtor and the Creditors. Fourth, the Creditors do not assert that they were parties to any alleged verbal agreement to extend the discharge deadline nor did they seek an extension of time as to themselves. Lastly, any such extension granted to the Trustee would not extend the date to object to dischargeability of debt pursuant to § 523(a) but would only apply to objections to discharge pursuant to § 727. In short, the Debtor contends that the Creditors have not met their burden of proof to

vacate the Discharge Order, and that the deadlines set forth in the Bankruptcy Rules for the filing of a complaint objecting to discharge and to dischargeability of debt must be strictly construed; otherwise, the Debtor's fresh start is delayed.

## DISCUSSION

Fed. R. Civ. P. 60(b)(1) provides that the Court may relieve a party from a final order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (although Rule 60(b) "should be broadly construed to do substantial justice [,] . . . final judgments should not be lightly reopened . . . . Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."). "The burden of proof is on the party seeking relief from the judgment." *Int'l. Bhd. Teamsters*, 247 F.3d at 391. Whether a motion for relief under Fed. R. Civ. P. 60(b) should be granted is subject to the sound discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *In re Taub*, 421 B.R. 37, 42 (Bankr. E.D.N.Y. 2009).

The Creditors argue that the Court entered the Discharge Order by mistake and their failure to file a complaint objecting to discharge and dischargeability of debt prior to the entry of the Discharge Order was due to excusable neglect in view of alleged discussions that took place between the Trustee and Debtor's counsel during the June 15th meeting of creditors. While the Court understands the Creditors' predicament, in this instance the Court has no discretion but to deny the Creditors' Motion for the reasons set forth below.

First, there is no mistake by the Court that warrants vacating the Discharge Order pursuant to Fed. R. Civ. P. 60(b)(1). According to the Court's docket, the deadline for filing a complaint objecting to discharge pursuant to § 727and/or objection to dischargeability of debt

4

pursuant to § 523(a) was clearly set for August 15, 2022. The meeting of creditors was not held before or conducted by the Court nor did the Court "so order" any verbal agreement on the record at the time it was allegedly made. As there was no written stipulation nor motion seeking an extension of time to object for any party set forth on the docket as of August 15, 2022, the Court appropriately entered an order granting the Debtor a discharge on August 19, 2022. Nothing in the record reflects that the Court misled the Creditors as to the timing of the filing of a discharge or dischargeability complaint. A discharge order properly entered pursuant to a court's procedures cannot be set aside based on "any clerical error, inadvertence, or mistake." *In re Burgarenko*, 373 B.R. 394, 397-98 (Bankr. E.D. Pa. 2007).

Second, excusable neglect is inapplicable here as the deadlines for filing an objection to discharge and dischargeability of debt are strictly governed by the Bankruptcy Rules, and Creditors have not provided any authority to indicate otherwise. Bankruptcy Rule 9006(b)(3) specifically provides that "the court may enlarge the time for taking action under Rules . . . 4004(a), [and] 4007(c) . . . *only to* the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 9006(b)(3) (emphasis added). Bankruptcy Rule 4004(a) provides that "[i]n a chapter 7 case, a complaint . . . objecting to the debtor's discharge shall be filed no later than 60 days after *the first date set* for the meeting of creditors under section 341(a)." Fed. R. Bankr. P. 4004(a) (emphasis added). Similarly, Bankruptcy Rule 4007(c) provides, in pertinent part, that "a complaint to determine the dischargeability of debt under section 523(c)[5] shall be filed no later than 60 days after *the first date set* for the meeting of creditors under section 341(a)." Fed. R. Bankr. P. 4007(c) (emphasis added). The time to file such complaint may be extended for cause under both Bankruptcy Rules 4004(a) and 4007(c), but

---

[5] Section 523(c) references debts of a kind specified in (i) § 523(a)(2) which excepts from discharge debts obtained as a result of false pretenses, false representation, or actual fraud, (ii) § 523(a)(4) which precludes discharge of debts obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, and (iii) § 523(a)(6) which precludes discharge of debts obtained by willful and malicious injury.

these Rules dictate that a motion "shall be filed before the time has expired." Fed. R. Bankr. P. 4004(b)(1) and 4007(c). Here, no motion to extend time under Bankruptcy Rules 4004(a) or 4007(c) was filed prior to the August 15, 2022 deadline or even before the Court granted the Debtor his discharge on August 19, 2022. Accordingly, based on the record placed before it, the Court is precluded from extending the objection deadline beyond August 15, 2022.

Notwithstanding the clear and plain language of Bankruptcy Rules 9006(b)(3), 4004(a) and 4007(c), Creditors insist that they are entitled to rely upon an alleged verbal agreement between the Debtor's counsel and the Trustee to have the sixty-day period commence from when the Debtor appeared at the July 6th meeting of creditors. Creditors claim that by not recalculating when the sixty-day period commences, the deadlines, as they exist, reward a debtor who intentionally fails to appear at the initial meeting of creditors and prejudice creditors.

This argument has been recently addressed by Chief Bankruptcy Judge Martin Glenn in *In re Bressler*, 600 BR. 739 (Bankr. S.D.N.Y. 2019), *reconsideration denied*, Case No. 18-13098 (MG), 2019 WL 2382947 (Bankr. S.D.N.Y. June 4, 2019). There, Chief Judge Glenn held that "[s]ince only the Court has the authority to extend the deadlines, a purported stipulation, without court approval, is ineffectual." *Bressler*, 600 BR. at 746. "[B]ecause any extension of the deadline to object to discharge must be sought from the Court before the deadline expires, a verbal agreement between counsel without a timely application to the Court before the deadline expires, cannot provide a basis to extend the deadline." *Id.*, at 740.

Creditors do not assert that they had an agreement with Debtor's counsel to extend the objection deadline. Rather, they presumed a discussion regarding the possible extension of the objection deadline between the Trustee and Debtor's counsel would apply to all creditors. As discussed, any alleged verbal agreement, even if one did exist, would not be sufficient to extend the objection deadline without the Court's approval. Thus, the Court finds

6

under *Bressler*, the Creditors' reliance on an alleged verbal agreement or discussion of a possible extension to be unreasonable and insufficient to extend the deadline. Furthermore, Creditors were not prejudiced by the deadlines as they could have obtained either (i) a voluntary extension from the Debtor's counsel pursuant to a written stipulation approved by the Court or (ii) relief from the Court via timely filed motion if the Debtor refused to consent to an extension. They did neither. "When faced with two choices, whether to protect an approaching deadline by filing a motion to extend or let the deadline pass in reliance on an unfulfilled promise by an adversary, the reasonable path is the conservative one – to protect the deadline. This is particularly true when an extension to the deadline requires court approval." *Id.*, at 746; *see also Dombroff v. Greene (In re Dombroff)*, 192 B.R. 615, 622 (S.D.N.Y. 1996) (finding that trustee's reliance on debtor's counsel agreement to stipulate to an extension of time to object to discharge was "unreasonable as a matter of law where the trustee had over a week to determine whether the court had granted the extension or, indeed, whether the stipulation in fact had been filed with the court").

## CONCLUSION

For the foregoing reasons, the Motion is denied.

So Ordered



**Dated: September 22, 2022**
**Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**